# N THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs July 23, 2014

## STATE OF TENNESSEE v. TYCORRIAN M. TAYLOR

**Direct Appeal from the Criminal Court for Knox County**
No. 100470, Bob R. McGee, Judge

---

**No. E2013-02875-CCA-R3-CD - Filed August 20, 2014**

---

The defendant appeals the sentence imposed for conviction of attempted voluntary manslaughter and aggravated assault. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE H. WALKER, III, delivered the opinion of the court, in which JAMES CURWOOD WITT, Jr, and ROBERT WEDEMEYER., joined.

Mitchell T. Harper, Knoxville, Tennessee, for the appellant, Tycorrian M. Taylor.

Robert Cooper, Attorney General and Reporter; Clarence E. Lutz, Senior Counsel Criminal Justice Division, for the appellee, State of Tennessee.

## OPINION

Tycorrian Taylor was convicted by jury of aggravated assault and of attempted voluntary manslaughter as a lesser offense of attempted first degree murder.[1] The

---

[1] The transcript of the jury trial was not included in the record on appeal.

convictions were merged, and the defendant was sentenced to six years as a standard offender, consecutive to an unexpired sentence.

Defendant filed a timely notice of appeal of the "trial court's sentence after a jury verdict of guilty." Defendant's brief addresses only one issue with regard to sentencing, and does not address the length of sentence, or the manner of service of sentence, and states the "trial court properly applied T.C.A. 40-35-115(6) in imposing consecutive sentences."

## Sentencing Hearing

At the sentencing hearing, it was presented that the defendant had prior convictions and was on probation at the time of this offense. The defendant had been placed on diversion for a misdemeanor conviction and revoked. He had received two additional misdemeanor convictions, and was placed on probation on each and revoked. He was on probation for a felony conviction at the time of this offense, and was revoked, and then released on determinate release before the trial of this offense.

At the sentencing hearing the victim testified that he is fifty years of age and had been a successful businessman operating a towing company. He was a single parent to a sixteen year old. After being beaten by the defendant and left in a parking lot, he endured eighteen hours of surgery, spent thirty-six days in the hospital in a coma, and now lives in a nursing home. He has been told he will be in a nursing home the rest of his life, due to brain injury. He can not be the father he was which has caused depression for him and his child.

The victim's girlfriend testified they lost the business and two homes to foreclosure after the defendant beat the victim. She is taking care of the victim's son, who is not able to be a normal teenager due to added responsibility.

The victim's child was sixteen years old at the time his father was beaten. He lost his mother when he was nine years old. He described his father before the beating as "very outgoing" and "a nice person."

The defendant testified: "I feel like, I mean, I deserve another chance to be back on probation."

## ANALYSIS

A trial court's decision regarding the length and manner of service of a sentence is reviewed for abuse of discretion, with a presumption of reasonableness granted to within-

2

range sentences reflecting a proper application of the purposes and principles of the Sentencing Act. *State v. Bise,* 380 S.W.3d 682, 707 (Tenn. 2012). Under *Bise,* "sentences should be upheld so long as the statutory purposes and principles, along with any applicable enhancement and mitigating factors, have been properly addressed." *Id.* At 706.

In this case, the sentencing court conducted a sentencing hearing that met the requirements of Tennessee Code Annotated section 40-35-209.

The defendant does not appeal the length of sentence, the manner of service of sentence, or the imposing of consecutive sentences.

The defendant states the sentencing issue as: "the trial court erred in ordering the service of defendant's probation sentence without complying with T.C.A. 40-35-311." That code section deals with the procedure to revoke suspension of sentence or probation.

The entire argument in defendant's brief is as follows:

The trial court properly applied T.C.A. 40-35-115(6) in imposing consecutive sentences in a case where consecutive sentencing is not otherwise required by statute. Clearly, Mr. Taylor was being sentenced for an offense committed while on probation. However, those acts, which constitute the offenses in docket #100470, had already been relied upon by the State in previously seeking to revoke Mr. Taylor[']s probation. Moreover, Mr. Taylor had already served the mandatory service percentage of that sentence and had been placed on enhanced probation before conviction and sentencing in docket #100470. While the trial court properly applied T.C.A. 40-35-115, that code section does not waive or excuse the procedural requirements of T.C.A. 40-35-311 as it related to the revocation of suspended sentences. No violation of probation warrant was pending at sentencing and thus there could not be a finding that Mr. Taylor had violated his probation such that the trial court could order him to serve that sentence in TDOC custody.

The defendant received the six year sentence in this appeal in docket #100470. That sentence was run consecutively to docket #98666.[2] It can be gleaned from the pre-sentence report that in docket #98666, the defendant received a two year sentence in January 2012, on probation, which was revoked October 11, 2012. At the sentencing hearing it was presented that the defendant had been released on determinate release on that two year sente

---

[2] Neither the judgment form or the record in that case (#98666) is included in the record in this appeal.

3

nce before his conviction in this case.

The provisions of Tennessee Code Annotated section 40-35-311 provide that a trial court may revoke a sentence of probation if it determined by a preponderance of the evidence that the defendant has violated the conditions of probation. The defendant seems to be arguing that he was entitled to a revocation hearing in docket #98666 before the sentencing court could run the six year sentence in docket #100470 consecutively to the two year sentence in docket #98666. However, he presented no authority for that proposition. In addition, the following colloquy was held at sentencing:

> The Court: All right. And the issue of revocation of probation in that case [docket #98666] is not before the Court?
>
> Asst. District Attorney: No, sir.
>
> The Court: Okay.
>
> Defense counsel: No.
>
> The Court: All right. Go ahead.

The abuse of discretion standard, accompanied by a presumption of reasonableness, is the appropriate standard of appellate review for all sentencing decisions. The standard applies when the trial court properly addresses the purposes, principles, and considerations for its sentence on the record. *State v. Pollard,* 2013 Tenn. Lexis 1011 (Tenn. 2013). The trial court properly addressed the purposes, principles, and considerations for the sentence imposed in this case, and the defendant has not shown an abuse of discretion.

For the foregoing reasons, we affirm the judgment of the trial court

_____
JOE H. WALKER, Sp.J.

4